IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BOBBY HALE, et al.,** | ) | CASE NO.  1:14 CV 639 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| **OFFICER SCOTT ASHLEY, et al.,** | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Docket #6) filed by Defendant, Ohio State Highway Patrol Trooper Allen Marcum.  Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Trooper Marcum moves the Court for an order dismissing all claims against him.

**Facts as alleged in the Complaint**

Plaintiffs originally filed this Complaint in the Lorain County Court of Common Pleas, Case No. 14 CV 182738, against Defendants, City of Elyria Police Officers Ashley, Darmstadt, Jama, Lessner, Orsik, and Straub; City of Elyria Police Sergeant Frank; and, Ohio State Highway Patrol Trooper Allen Marcum.  On March 24, 2014, the Elyria Defendants removed the case to this Court.  The Complaint includes claims against all Defendants for Assault and Battery;

Willful, Wanton, Reckless and Negligent Conduct; False Arrest/False Imprisonment under Section 1983 and Ohio law; Excessive Force under Section 1983; and, Loss of Consortium.

Plaintiffs allege that Defendants used excessive force against Plaintiff, Bobby Hale, a 68 year-old man, when they responded to a call at the home of Plaintiffs' son, Tony, who was reportedly in the midst of a suicide attempt. (Complaint at Paragraph 18.) As alleged in the Complaint, after a period inside the home with Bobby Hale and various officers, Tony exited the home and was tased by Defendant Trooper Marcum. (Complaint at Paragraphs 21-26.) Bobby Hale mistakenly thought Tony was shot and became distraught, at which time Plaintiffs allege Defendant Trooper Marcum and/or another Defendant Officer pulled a gun and aimed it at Bobby Hale. (Complaint at Paragraph 27.) Plaintiffs allege that Bobby Hale stepped back, then followed the Officers' orders to stop. (Complaint at Paragraph 28.) Plaintiffs allege that the Officers proceeded to use excessive force against Bobby Hale, throwing him into a picnic table and then onto the ground, yanking him back onto the picnic table, twisting him around and slamming him back into the ground. (Complaint at Paragraph 29.) Plaintiffs state that Bobby Hale's arm was so badly injured that he was unable to comply with Officers' orders to give them his arm for cuffing, at which time Plaintiffs allege Defendants punched, kicked, verbally assaulted and shoved him into the car four times, all with excessive force. (Complaint at Paragraphs 30-32.)

Plaintiffs state Bobby Hale's cries for medical attention were initially ignored but he was later transported by ambulance to the emergency room. (Complaint at Paragraph 33.) Plaintiffs allege Bobby Hale suffered numerous injuries and underwent surgery the night of the incident to address a dislocated elbow. (Complaint at Paragraph 34.) Bobby Hale was arrested and charged

that same evening by the City of Elyria with Obstructing Official Business pursuant to Ohio Rev. Code § 2921.31 and Resisting Arrest pursuant to Ohio Rev. Code § 2921.33. (Complaint at Paragraph 35.) The next day Bobby Hale was also charged with two counts of Intimidation pursuant to Ohio Rev. Code § 2921.03. (Id.) On November 14, 2013, during pretrial proceedings, the charges of Intimidation and Resisting Arrest were dismissed. (Complaint at Paragraph 36.) Bobby Hale entered a plea of no contest to a charge of Disorderly Conduct. (Complaint at Paragraph 37.)

Plaintiffs state Bobby Hale has ongoing medical problems resulting from the incident; that he has required ongoing physical therapy and orthopedic treatment; and, that his wife, Plaintiff Rita Hale, has suffered a loss of consortium. (Complaint at Paragraphs 38-40.)

On March 31, 2014, Defendant Trooper Marcum filed his Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), asking the Court to dismiss all claims against him. (Docket #6.) On May 14, 2013, Plaintiffs filed their Brief in Opposition. (Docket #12.) Plaintiffs concede that all claims against Defendant Trooper Marcum in his official capacity should be dismissed and that all State law claims against Defendant Trooper Marcum in his individual capacity should be dismissed. However, Plaintiffs ask the Court to deny Defendant Trooper Marcum's Motion to Dismiss in regard to the Section 1983 excessive force claim against him in his individual capacity. Further, Plaintiffs argue that Defendants failed to move for dismissal of their Third Claim for Relief – False Arrest/Imprisonment pursuant to 42 U.S.C. § 1983 and, therefore, that said claim survives.

On May 28, 2014, Defendant Trooper Marcum filed his Reply Brief in Support of his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Docket #13.) Defendant Trooper Marcum claims that Plaintiffs fail to properly state a claim of excessive force by failing to

-3-

specify what violations of the Fourth or Fourteenth Amendment they allege were committed by Defendant Trooper Marcum and, that even if the allegations were sufficient, that Defendant Trooper Marcum is entitled to qualified immunity.  Further, Defendants assert that there is no allegation that Defendant Trooper Marcum arrested Bobby Hale; that no Constitutional claim for "false imprisonment" exists under Section 1983; and, therefore, that their failure to address Plaintiffs' Section 1983 claim for false arrest/false imprisonment is inconsequential and said claim should be dismissed.

## Discussion

Under Rule 12(b)(6), the Court construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief.  *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)).

The now familiar Rule 12(b)(6) pleading requirements explained in *Twombly* and *Iqbal* require that plaintiffs must "'plead ... factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949); see *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1049-51 (6th Cir. 2011).  Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient.  *Iqbal,* 129 S.Ct. at 1949-50; see *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).  Additionally, when considering a Rule 12(b)(6) motion, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 689.

The plausibility pleading standard set forth in *Twombly* and *Iqbal* requires a plaintiff to have pled enough facts to state a claim for relief that is plausible on its face.  *Iqbal*, 129 S.Ct. at

1950. A complaint that allows the court to infer only a "mere possibility of misconduct" is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8. *Id.*

I. **Conceded Claims.**

Plaintiffs concede that all claims against Defendant Trooper Marcum in his official capacity should be dismissed, as well as all State law claims against Defendant Trooper Marcum in his individual capacity. Accordingly, Plaintiffs' First, Second and Fifth Claims for Relief are dismissed as to Defendant Trooper Marcum, as conceded by Plaintiffs. Plaintiffs' claims under Ohio law for false arrest and false imprisonment, part of Plaintiffs' Third Claim for Relief are also dismissed, as conceded by Plaintiffs.

II. **False Arrest/False Imprisonment under 42 U.S.C. § 1983.**

In their Third Claim for Relief, Plaintiffs allege Defendants intentionally and unlawfully detained and arrested Plaintiff Bobby Hale without lawful privilege, against his consent, and without probable cause, thereby depriving him of his rights secured by the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

A Section 1983 claim based on theories of false arrest and false imprisonment arises under the Fourth Amendment and turns on the question of probable cause. *Gorcaj v. Medulla*, 51 Fed. Appx. 158, 159 (6th Cir. 2002). In this case, Plaintiff Bobby Hale ultimately entered a plea of no contest to the disorderly conduct charge. (Complaint at Paragraph 37.) This precludes a § 1983 claim for false arrest or false imprisonment. *Mason v. Holmes*, 2014 U.S. Dist. LEXIS 22862, 2014 WL 696418 (N.D. Ohio Feb. 24, 2014). Accordingly, Defendant Trooper Marcum is entitled to dismissal of Plaintiffs' Third Claim for Relief for False Arrest/False Imprisonment under Federal Law.

### III. Fourth Claim for Relief - Excessive Force, 42 U.S.C. § 1983.

Defendant Trooper Marcum argues that the language of the Complaint leaves him unable to determine what constitutional violation he allegedly committed.  However, the Complaint clearly sets forth the acts and events giving rise to the Complaint and Plaintiffs attribute the alleged conduct, at least at this stage of litigation, to the "officers" or "Defendants."  Allegations that multiple Defendants participated in the same conduct are plausible.  While further discovery may clarify what took place and whether or not Defendant Trooper Marcum participated, Plaintiffs' claims are sufficient to withstand Defendant Trooper Marcum's Motion to Dismiss.  The Court is not persuaded that Defendant Trooper Marcum's distinct State Trooper uniform requires Plaintiffs to separate him from the collective "officers" or "Defendants" within the Complaint.

Likewise, without additional discovery, Defendant's argument that Plaintiff is entitled to qualified immunity is premature.  Defendant Trooper Marcum argues that Plaintiffs have failed to allege facts that would show, even if taken as true, that Defendant Trooper Marcum violated Bobby Hale's Constitutional rights and that a reasonable officer in Defendant Trooper Marcum's position would have believed his conduct to be unconstitutional.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  In order to determine whether Defendant Trooper Marcum is entitled to qualified immunity, discovery is necessary to clarify the events giving rise to Plaintiffs' Complaint, including Bobby Hale's actions at the time, and the role of any individual officer or Defendant in the conduct alleged.  Accordingly, Defendant Trooper Marcum is not entitled to dismissal of Plaintiffs' Section 1983 claim brought against him in his individual capacity for use of excessive force.

### IV. Motion to Exclude.

Defendant filed a Motion to Exclude exhibits attached to Plaintiffs' Opposition Brief. (Docket #14.)  The exhibits at issue were not necessary to the disposition of Defendant's Motion to Dismiss.  Accordingly, the Motion to Exclude (Docket #14) is denied as moot.

**Conclusion**

As set forth above, Defendant Trooper Marcum's Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART.

Plaintiffs' First, Second and Fifth Claims for Relief are dismissed as to Defendant Trooper Marcum, as conceded by Plaintiffs.  Plaintiffs' claim against Defendant Trooper Marcum under Ohio law for false arrest/false imprisonment, part of Plaintiffs' Third Claim for Relief is also dismissed, as conceded by Plaintiffs.

Plaintiffs' Third Claim for Relief for False Arrest /Imprisonment under 42 U.S.C. § 1983 is hereby dismissed, as to Defendant Trooper Marcum, as said claim is precluded as a result of Plaintiff Bobby Hale's no contest plea to the charge of disorderly conduct.

Defendant Trooper Marcum's Motion to Dismiss is denied as to Plaintiffs' Fourth Claim for Relief against Defendant Trooper Marcum in his individual capacity for use of excessive force pursuant to 42 U.S.C. § 1983.

Defendant's Motion to Exclude (Docket #14) is DENIED AS MOOT.

IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: August 8, 2014