# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **BOBBY HALE, et al.,** | ) | **CASE NO. 1:14 CV 639** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **OFFICER SCOTT ASHLEY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants, Officer Ashley, Officer Darmstadt, Officer Jama, Officer Lesner, Officer Orsik, Officer Straub, Officer Figula, Jr., Officer Horton and, Sergeant Frank. (Docket #50.)

## Factual Background

On September 23, 2013, law enforcement officers responded to the home of Tony Hale, Plaintiff Bobby Hale's son, after it was reported that Tony was suicidal. Bobby Hale was at the home when the Officers arrived and was attempting to calm Tony, who was holding a gun. Eventually, Tony was convinced to put the gun down and exit the home. As Tony and Bobby exited the home, several law enforcement officers were waiting outside. Tony Hale was tasered after descending from the porch by Ohio State Patrol Officer Marcum. Bobby Hale mistakenly believed Tony had been shot, became upset and turned back toward the door. Officer Ashley turned Bobby Hale away from the door.

The Parties disagree as to what transpired between Bobby Hale and Defendants Sergeant

Frank, Officer Jama, Officer Figula, Jr. and Officer Horton after Officer Ashley turned Bobby Hale away from the door. Plaintiffs allege Sergeant Frank and Officers Jama, Figula, Jr., and Horton, used excessive force against Bobby Hale while removing him from the porch of the home, handcuffing him, and placing him in the back of the police cruiser, causing serious and permanent injury.

Plaintiffs, Bobby and Rita Hale, originally filed their Complaint in the Lorain County Court of Common Pleas, Case No. 14 CV 182738, on February 26, 2014. On March 24, 2014, the case was removed to this Court. (Docket #1.) Plaintiffs raised claims for Assault and Battery under Ohio law; Willful, Wanton, Reckless and Negligent Conduct under Ohio law; False Arrest/False Imprisonment under both Ohio and Federal law; use of excessive force in violation of 42 U.S.C. § 1983; and, loss of consortium, against Officers Ashley, Darmstadt, Jama, Lesner, Orsik, and Straub, Sergeant Frank, and Ohio State Trooper Marcum.[1] Plaintiffs subsequently added two Defendants, Officer Figula, Jr., and Officer Horton. (Docket #27.)

Defendants filed their Motion for Summary Judgment on May 15, 2015. (Docket #50.) Defendants do not deny that questions of fact persist regarding the reasonableness of the force used against Bobby Hale during the incident described above, but argue that such questions are limited to the use of force by Officers Jama and Figula as they removed Bobby Hale from the porch. However, Defendants move the Court for summary judgment in their favor as to Plaintiffs' claims against Defendant Officers Darmstadt, Lesner, Orsik, and Straub, arguing they had no interaction with Bobby Hale during his arrest, and summary judgment in their favor as to

---

[1] Defendant Marcum filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on March 31, 2014. (Docket 6.) The Court granted said Motion in part, dismissing certain claims. On September 19, 2014, Plaintiffs voluntarily dismissed all claims against Defendant Marcum. (Docket #24.)

Officer Ashley, whose only contact with Bobby Hale was to stop Bobby Hale from reentering the house. Further, Defendants argue that the actions of Officer Horton and Sergeant Frank when Bobby Hale was handcuffed were reasonable and, that at the very least, said officers are entitled to qualified immunity. Defendants argue that Plaintiffs' claim for false arrest is barred by Bobby Hale's subsequent conviction for disorderly conduct and that Officers are further immune from Plaintiffs' state law claims, arguing that there is no evidence that the Officers acted with malice, in bad faith, or in a wanton or reckless manner. (Docket #50.)[2]

On June 15, 2015, Plaintiffs filed their Brief in Opposition. (Docket #61.) Plaintiffs concede their claim for false arrest, as well as their claims against Officers Dormstadt, Orsik, Straub, Lesner and Ashley. However, Plaintiffs "vigorously contest" Defendants' assertion that Officer Horton and Sergeant Frank acted reasonably and are entitled to qualified immunity and immunity under Ohio law for the force they used in handcuffing Bobby Hale. Plaintiffs argue that questions of fact preclude summary judgment as to Plaintiffs' excessive force claims and related qualified immunity issues, under both State and Federal law, not only with regard to the actions Officers Jama and Figula as they removed Bobby Hale from the porch, but also with regard to the actions Officers Jama, Figula and Horton and Sergeant Frank when Bobby Hale was handcuffed and until he was placed in an ambulance. Plaintiffs argue that the alleged force used to pull Bobby Hale from the porch cannot be separated from the force used to handcuff him because Officers Jama and Figula both testified that they pulled Bobby Hale off the porch for the

---

[2] Defendants also argue that the Officers' removal of firearms was not a use of force, but rather a show of force that was reasonable under the circumstances. Plaintiffs do not appear to argue that any of the officers drawing their guns was a use of force. Accordingly, the Court will not include further discussion of this issue.

purpose of gaining control of him and handcuffing him, and that Frank, Jama, Figula, and Horton were all involved in handcuffing. Finally, Plaintiffs note that Defendants raise no issue regarding their loss of consortium claim.

Defendants filed their Reply Brief on June 29, 2015, reiterating their argument that Sergeant Frank, and Officers Jama, Figula and Horton did not use excessive force in handcuffing Bobby Hale. (Docket #62.) Defendants urge the Court to segment the events in questioning when considering whether the use of force was excessive, separating the use of force used to remove Bobby Hale from the porch, from the use of force used to handcuff him, from the use of force used to secure him in the police cruiser. Defendants agree that questions of fact persist relative to the use of force used by Officers Jama and Figula to remove Bobby Hale from the porch, but argue that, based on the evidence, the force used by the Officers to handcuff Bobby Hale was reasonable.

### Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

**Discussion**

As set forth above, Plaintiffs concede their claims as to many of the named Defendants, with the exception of Sergeant Frank and Officers Jama, Figula and Horton. Defendants do not dispute that questions of fact preclude summary judgment as to Defendants Jama and Figula, but argue that such questions persist only as to the force used to remove Bobby Hale from the porch.

Material disputes of fact exist relative to the removal of Bobby Hale from the porch by Officers Jama and Figula, as well as with regard to what transpired while Bobby Hale was being handcuffed and placed in the police cruiser. It is alleged that Sergeant Frank and Officers Jama,

Figula and Horton were all involved in the arrest of Bobby Hale to some extent.  However, questions of fact preclude a determination by the Court as to whether any of the four remaining Defendants in this case used excessive force and/or whether any are entitled to immunity under the facts and circumstances in this case, whether under Federal or State law.  Defendants urge the Court to segment removal of Bobby Hale from the porch from his handcuffing, arguing that while there are questions of fact regarding the former, Defendants are entitled to immunity for the latter.  However, at this stage of the proceedings, given the factual inconsistencies and ambiguities regarding the circumstances of Bobby Hale's arrest, segmentation of the event, which happened very quickly and appears to have been aimed at handcuffing and securing Bobby Hale, would serve no purpose and would, in and of itself, require a determination of fact.

**Conclusion**

The Court has thoroughly reviewed the Motion for Summary Judgment filed by Defendants, considering the evidence in a light most favorable to Plaintiffs.[3]

Defendants' Motions for Summary Judgment (Docket #50) is hereby GRANTED IN PART AND DENIED IN PART.

Summary judgment is hereby granted, without objection, as to Plaintiffs' claims against Officers Dormstadt, Orsik, Straub, Lesner and Ashley.  This case is hereby terminated as to Defendants Dormstadt, Orsik, Straub, Lesner and Ashley.

---

[3] Defendants object to statements and evidence referenced in and/or attached to Plaintiffs' Brief in Opposition.  The evidence to which Defendants have raised objections was not necessary to this Court's determination on summary judgment and, therefore, the Court declines to rule on admissibility at this stage of the proceedings.  The Parties may raise objections to the evidence at trial should they so choose.

Summary judgment is hereby granted, without objection, as to Plaintiffs' claim for false arrest/false imprisonment.

Summary judgment is hereby denied as to Plaintiffs' remaining claims against Sergeant Frank, and Officers Jama, Figula and Horton, as genuine issues of material fact persist which necessitate trial.

Trial remains scheduled for August 4, 2015 at 8:30 a.m.

IT IS SO ORDERED.

                                                 s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: July 15, 2015